## FALK et al. v. COMMISSIONER OF INTERNAL REVENUE.

### No. 4766.

Circuit Court of Appeals, Seventh Circuit.

March 6, 1933.

Rehearing Denied May 1, 1933.

G. A. Youngquist, Asst. Atty. Gen., Sewall Key and J. Louis Monarch, Sp. Assts. to Atty. Gen., and C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, and Philip A. Bayer, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., for respondent.

Charles F. Fawsett, of Milwaukee, Wis., and R. S. Doyle, of Washington, D. C., for petitioners.

Before ALSCHULER and EVANS, Circuit Judges, and LINDLEY, District Judge.

LINDLEY, District Judge.

This petition to review a decision of the United States Board of Tax Appeals involves seven applications of as many beneficiaries of a trust agreement for relief from assessments for deficiency in income taxes for each of the years 1922 to 1926, inclusive. These deficiencies arise out of the Board's refusal to allow the petitioners certain sums for depletion of the trust property. The amount of the sums deducted for such purpose and disallowed by the Board is not in controversy, and the sole question is whether petitioners were entitled to deduct the said items in making up their tax returns.

On November 29, 1916, the Pfister Land Company, a corporation, by authorized action, conveyed to trustees certain mineral property, with authority to sell, mortgage or lease the same. After paying state and municipal taxes and the expenses of administration, the trustees were obligated to pay to petitioners as beneficiaries all income from the trust property. The land was then subject to a mining lease which continued until after the close of the period involved.

During the years in question, the trustees collected the royalties provided in the lease and paid the same to the beneficiaries, without deduction of any sort except the taxes aforesaid and the comparatively small expenses of the trustees in administering their trust. In reporting the income thus received, petitioners deducted the depletion items, which the Board refused to allow.

The pertinent revenue statutes of 1921, 1924, and 1926 (Revenue Act 1921, § 234 (a) (9), 42 Stat. 256, and Revenue Acts 1924, 1926, § 234 (a)·(8), 26 USCA § 986 (a) (8) and note), provide that, in computing net income, there shall be allowed as a deduction in the case of mines, "a reasonable allowance for depletion," which ordinarily is deducted by him who pays the tax. The evidence discloses that the mineral body was exhausted before the lease expired. Nothing of value remained for the trustees or the beneficiaries.

. In Merle-Smith v. Commissioner, 42 F. (2d) 837, 840 (C. C. A. 2d), certiorari denied, 282 U. S. 897, 51 S. Ct. 182, 75 L. Ed. 791, the court, having to do with a similar situation, said:

"The petitioners have a property right and interest, within the decision of Bryan v. Kennett, 113 U. S. 179, 5 S. Ct. 407, 28 L. Ed. 908, as real as that of the lessee referred to in Lynch v. Alworth-Stephens Co., supra [267 U. S. 364, 45 S. Ct. 274, 69 L. Ed. 660]. Their interest in the ore body is as direct as the interest of the lessor, which is contingent upon the fulfillment by the lessee of the obligations under its lease. Included in the current payment of royalties is a sum representing the value of each ton of ore removed. As stated in the Lynch Case, allowance is to be made 'to every one whose property right and interest therein has been depleted,' and it would therefore seem that these petitioners should be allowed deductions for depletion which their property interest sustained by reason of the mining operation.

"The government accedes to the doctrine that in all mining operations there is some depletion. But whose ore is depleted is put into question. If the petitioners have any property interest in the corpus, it is being depleted. Certainly, they who receive the income, the title owners of the corpus of the trust, the trustees, might have a depletion allowance. These petitioners who have the property right to which we have referred, receive the royalties without deduction. The statutes provide for depletion. The trustees merely pass on the royalties received in the percentages the will requires of them. The terms of the trust require that the entire royalties be paid currently to the beneficiaries. No depletion reserve was to be set aside or retained by the trustees. * * *

"A reasonable allowance for depletion should have been made to each of the petitioners, in computing their income for the years in question."

We do not understand that the reason for the decision was that there was a remainder interest in the beneficiaries. Indeed, Judge Hand, in his concurring opinion, expressly disclaimed any intention to place the decision upon such ground.

Even though the existence of a right of remainder in the beneficiaries was material to the conclusion of the court in the case cited, it could hardly be said to be so here. In the instant case, the only thing of value was the mineral; all this passed to the beneficiaries, and nothing of value remains in any one to which the depletion could be said to be applicable. Their beneficial interest being the ore body, and their income having come entirely from the exhaustion of the same, it follows that they should be credited with the depletion or exhaustion of their capital assets. As said in Lynch v. Alworth-Stephens Co., 267 U. S. 364, 45 S. Ct. 274, 276, 69 L. Ed. 660:

"Obviously, as the process goes on, this property interest of the lessee in the mines is lessened from year to year, as the owner's property interest in the same mines is likewise lessened. There is an exhaustion of property in the one case as in the other; and the extent of it, with the consequent deduction to be made, in each case is to be arrived at in the same way, namely, by determining the aggregate amount of the depletion of the mines in which the several interests inhere, based upon the market value of the product, and allocating that amount in proportion to the interest of each severally considered."

The depletion items represent the exhaustion of capital mineral assets, that is, the raw materials, all of which were exhausted within the period of the leasehold term and the proceeds, all of which passed to the beneficiaries. The trustees were permitted by law to pass on to their beneficiaries all royalties and retained nothing subject to tax. There was no title or interest in them against the exhaustion of which depletion would accrue. When Congress saw fit to place the beneficiaries in the category of owners to the extent that they might rightfully receive the proceeds of sale and taxed them thereon, it surely intended to pass on to them also the depletion of their capital assets as a reduction from the taxes assessed against the proceeds of sale thereof.

The decision of the Board of Tax Appeals is reversed, with directions to allow the deductions claimed.