**ATKINS v. WHITE, Collector of Internal Revenue.**

No. 5449.

District Court, D. Massachusetts.

June 2, 1933.

Gaston, Snow, Saltonstall & Hunt, of Boston, Mass., for plaintiff.

Frederick H. Tarr, U. S. Atty., and J. Duke Smith, Sp. Asst. to U. S. Atty., both of Boston, Mass., for defendant.

McLELLAN, District Judge.

During the year 1929, the plaintiff received ordinary net income (exclusive of the deduction for charitable contributions) amounting to $95,345.90, and capital net gain amounting to $23,397.50, a total of $118,743.-40. The plaintiff elected to be taxed on the capital net gain at the 12½ per cent. rate under the provisions of section 101 (a) of the Revenue Act of 1928 (26 USCA § 2101 (a). During the taxable year 1929, the plaintiff made charitable contributions in excess of 15 per cent. of her total income of $118,743.40. In computing the tax, the plaintiff deducted for charitable contributions (under section 23 (n) of the Revenue Act of 1928, 26 USCA § 2023 (n) the sum of $17,811.51, equivalent to 15 per cent. of her total income of $118,-743.40. The defendant collected from the plaintiff a tax which was computed by deducting for charitable contributions $14,301.88, being 15 per cent. of her ordinary net income of $95,345.90, which resulted in the plaintiff's tax being $782.55 higher than otherwise it would have been. This additional tax of $782.55, with interest, was paid on June 13, 1932. On August 9, 1932, the plaintiff duly filed a claim for refund, which was disallowed.

These allegations are admitted by the demurrer, which states, in substance, that no cause of action is stated in the declarations, because it does not appear that the Commissioner of Internal Revenue, in computing the 15 per cent. deduction for contributions provided by section 23 (n) of the Revenue Act of 1928, erred in excluding from the amount of the plaintiff's ordinary net income the amount of the capital net gain realized by the plaintiff, which she elected to have taxed at the rate provided by section 101 (a) of said act.

The pertinent portions of the Revenue Act of 1928 follow:

Section 21 (26 USCA § 2021): " 'Net Income' means the gross income computed under section 2022 [22], less the deductions allowed by section 2023 [23]."

Section 22 (26 USCA § 2022): " 'Gross income' includes gains, profits, * * * and income derived from any source whatever."

Section 23 (26 USCA § 2023):

"In computing net income there shall be allowed as deductions: * * *

" (n) Charitable and Other Contributions. In the case of an individual, contributions or gifts made within the taxable year to or for the use of: * * * to an amount which in all the above cases combined does not exceed 15 per centum of the taxpayer's net income as computed without the benefit of this subsection."

Section 101 (26 USCA § 2101):

"(a) Tax in Case of Capital Net Gain. In the case of any taxpayer, other than a corporation, who for any taxable year derives a capital net gain (as hereinafter defined in this section), there shall, at the election of the taxpayer, be levied, collected, and paid, in lieu of all other taxes imposed by this title, a tax determined as follows: a partial tax shall first be computed upon the basis of the ordinary net income at the rates and in the manner as if this section had not been enacted and the total tax shall be this amount plus 12½ per centum of the capital net gain.

"(b) Tax in Case of Capital Net Loss. In the case of any taxpayer, other than a corporation, who for any taxable year sustains a capital net loss (as hereinafter defined in this section), there shall be levied, collected, and paid, in lieu of all other taxes imposed by this title, a tax determined as follows: a partial tax shall first be computed upon the basis of the ordinary net income at the rates and in the manner as if this section had not been enacted, and the total tax shall be this amount minus 12½ per centum of the capital net loss; but in no case shall the tax of a taxpayer who has sustained a capital net loss be less than the tax computed without regard to the provisions of this section.

" (c) Definitions. For the purposes of this title—

"(1) 'Capital gain' means taxable gain from the sale or exchange of capital assets consummated after December 31, 1921.

"(2) 'Capital loss' means deductible loss resulting from the sale or exchange of capital assets.

" (3) 'Capital deductions' means such deductions as are allowed by section 2023 [23] for the purpose of computing net income, and are properly allocable to or chargeable against capital assets sold or exchanged during the taxable year.

"(4) 'Ordinary deductions' means the de-

ductions allowed by section 2023 [23] other than capital losses and capital deductions.

"(5) 'Capital net gain' means the excess of the total amount of capital gain over the sum of (A) the capital deductions and capital losses, plus (B) the amount, if any, by which the ordinary deductions exceed the gross income computed without including capital gains.

"(6) 'Capital net loss' means the excess of the sum of the capital losses plus the capital deductions over the total amount of capital gain.

"(7) 'Ordinary net income' means the net income, computed in accordance with the provisions of this title, after excluding all items of capital gain, capital loss, and capital deductions.

"(8) 'Capital assets' means property held by the taxpayer for more than two years (whether or not connected with his trade or business). * * * "

If the plaintiff, who had made charitable contributions in excess of 15 per cent. of her total income of $118,743.40, was entitled to a deduction of this percentage of her total income, the declaration states a cause of action. If she was entitled to a deduction of 15 per cent. only of $95,345.90, an amount which represents the total income of $118,743.40, reduced by capital net gains of $23,397.50, the declaration states no cause of action.

The industry of counsel has resulted in the discovery of no decision of this question by any of the federal courts.

Net income and gross income were defined in the Revenue Act of 1918 (40 Stat. 1057) substantially as in the act of 1928. The provisions for charitable deductions in the earlier act are similar to those contained in the 1928 act. The taxpayer's right to elect the payment of 12½ per cent. on his capital gains was created for the purpose of removing in part the discouragement to transactions in capital assets created by the income tax laws. This right of election appeared for the first time in the Revenue Act of 1921 (42 Stat. 227).

The applicable Treasury regulations and rulings of the Bureau of Internal Revenue prior to the decisions of the Board of Tax Appeals cited later express the view that capital losses were not to be excluded in computing the amount of charitable contributions deductible under the Revenue Act of 1921 and Revenue Act 1924 (43 Stat. 253). See I. T. 2104 III–2 C. B. 152, where it is stated:

"Section 206 of the Revenue Act of 1921 and section 208 of the Revenue Act of 1924, pertaining to capital gains and losses, do not allow as a deduction any loss resulting from the sale or exchange of capital assets that is not deductible under section 214 or that does not enter into the computation of a net loss deductible under section 206 of the Revenue Act of 1924. Such sections merely give the taxpayer the option of being taxed at the rate and in the manner provided by sections 210 and 211.

"Inasmuch as losses resulting from the sale or exchange of capital assets are deductible under section 214 of the Revenue Acts of 1918, 1921, and 1924 and enter into the computation of the net loss that is deductible under section 206 of the Revenue Act of 1924, it follows that such losses can not be excluded in computing the net income for the purpose of determining the amount of charitable contributions that are deductible under section 214 (a) 11 of the Revenue Acts of 1918 and 1921 and section 214 (a) 10 of the Revenue Act of 1924."

On November 3, 1931, the Board of Tax Appeals in the Elkins Case, 24 B. T. A. 572, decided that net capital loss should be excluded in computing net income for the purpose of determining the amount deductible in connection with charitable contributions. A similar conclusion was reached as to the exclusion of capital gains. Harbison v. Commissioner, 26 B. T. A. 896; Bliss v. Commissioner, 27 B. T. A. 205; Colgate v. Commissioner, 27 B. T. A. 506. These decisions have not stood the test of further consideration.

The plaintiff's election to be taxed on her capital net gains at the 12½ per cent. rate under section 101 (a) of the Revenue Act of 1928 did not deprive her of the right to the same deductions for charitable contributions as if she had not so elected. See Straus v. Commissioner, decided April 6, 1933, by the Board of Tax Appeals.

The defendant's demurrer is overruled.