**BLOW et al. v. UNITED STATES.**
No. 38559.

District Court, N. D. Illinois, E. D.
Sept. 21, 1933.

Gallagher, Rinaker & Wilkinson, of Chicago, Ill., for plaintiff.

Dwight H. Green, U. S. Atty., of Chicago, Ill.

BARNES, District Judge.

The first issue presented relates to the amount of deduction for charitable contributions to which Adele M. Blow was entitled in determining her income tax for the calendar year 1925.

The schedule attached to her 1925 return showed that her contributions actually amounted to the sum of $53,197.81. The applicable revenue act, that of 1924, provided (section 214, 26 USCA § 955) : "(a) In computing net income there shall be allowed as deductions: * * * (10) Contributions * * * to an amount which * * * does not exceed 15 per centum of the taxpayer's net income." Under Schedule D of the return, the taxpayer reported a "capital net gain" of $51,665.07. The return showed "ordinary net income" of $166,454.45. "Capital gain" is defined by the Revenue Act of 1924, section 208 (26 USCA § 939 note), as "gain from the sale or exchange of capital assets consummated after December 31, 1921."

The specific question is whether, in determining deduction for contributions under section 214 (a) (10), supra, "net income" includes "capital gain," as contended by the taxpayer, or whether, as the government claims, the taxpayer is entitled to deduct for contributions 15 per cent. of "ordinary net income" only.

Section 208, paragraph b of the Revenue Act of 1924 (26 USCA § 939 note) reads, in part:

"In the case of any taxpayer (other than a corporation) who for any taxable year derives a capital net gain, there shall (at the election of the taxpayer) be levied, collected and paid, in lieu of the taxes imposed by sections 210 and 211 of this title [sections 951 and 952], a tax determined as follows:

"A partial tax shall first be computed upon the basis of the ordinary net income at the rates and in the manner provided in sections 210 and 211 [sections 951 and 952], and the total tax shall be this amount plus 12½ per centum of the capital net gain."

"Net income," in the case of an individual, is defined by section 212 of the Revenue Act of 1924 (26 USCA § 953) to mean "the gross income as defined in section 213 [section 954 of this title], less the deductions allowed by sections 214 and 206 [sections 955 and 937]."

Section 213 reads (26 USCA § 954), in part: "(a) The term 'gross income' includes gains, profits, and income derived from * * * sales, or dealings in property, whether real or personal, growing out of the ownership or use of or interest in such property. * * * *"

It thus appears that Congress has, by sections 212 and 213, declared that "gains * * * from * * * sales, or dealings in property," that is, so-called "capital gains," are included in "net income." This definition of "net income" so as to include "capital gains" does not appear to have been changed by section 208, the capital-gain provision of the act. Nor does there appear in the legislative history of the capital gain provision, recited in the government's brief, anything to indicate that Congress intended to change the meaning of the term "net income." Section 208 merely provides, at the election of the taxpayer, for a special method of calculating the tax when there has been a capital net gain.

The court concludes that, in determining the limitation upon deduction for contributions, "capital gain" should be included, and that, accordingly, Adele M. Blow was entitled to increase her deductions on account of charitable contributions to the amount of 15 per cent. of her capital net gain.

This conclusion is supported by the case of Atkins v. White, Collector (D. C.) 3 F. Supp. 694.

The other question presented by the pleadings is whether Adele M. Blow, as beneficiary of the Matthiessen Real Estate Trust, in reporting personal income for the year 1925, was entitled to reduce the income reported as received from the trust by the amount of depreciation on the trust property during that year.

The Matthiessen Real Estate Trust agreement, dated June 4, 1923, gave to the trustees all the power of an absolute owner, including the power to sell. It provided that, after the payment by the trustees of "taxes, insurance, interest charges, expenses of agents, employees, attorneys and brokers, and all other expenses of every kind and nature incurred by said Trustees in the preservation, maintenance, improvement, protection, betterment, operation, management and control of the property held in trust, the net income derived from the property should be paid equally, to F. W. Matthiessen, Jr., Adele M. Blow, Eda Matthiessen and Illinois Merchants Trust Company, as trustee under the will of Frederick W. Matthiessen, deceased." It further provided that upon the sale of any of the real estate or property included in the trust, the net proceeds thereof should be divided among the four beneficiaries. It further provided that the trust should terminate in December, 1928, and the trustees should then make a final distribution of the principal and accumulated income of the trust estate to the four beneficiaries, but, if any of the beneficiaries shall have died, the legal representatives of the one so dying shall take the share of such deceased beneficiary.

Section 214 (a) (8) of the Revenue Act of 1924, 26 USCA § 955 (a) (8), provides: "In computing net income there shall be allowed as deductions: * * * (8) A reasonable allowance for the exhaustion, wear and tear of property used in the trade or business, including a reasonable allowance for obsolescence."

On the authority of Merle-Smith v. Commissioner (C. C. A.) 42 F.(2d) 837, and Falk v. Commissioner (C. C. A.) 64 F.(2d) 171, the court is of the opinion that the taxpayer was entitled to reduce the income reported as received from the trust by the amount of depreciation on the trust property during that year.

The plaintiffs are entitled to judgment in the sum of $1,191.52, with interest according to law.

Forms of appropriate findings of fact and conclusions of law and judgment order may be presented by the plaintiffs on the usual notice to the defendant.